**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| TEONISHA HOWARD, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>BURLINGTON COAT FACTORY, LLC, )<br>et al., )<br>)<br>Defendants. )<br>_____)| CIVIL ACTION<br><br>No. 07-2100-KHV |

## MEMORANDUM AND ORDER

This matter comes before the Court on Burlington Coat Factory's Motion To Clarify (Doc. #16) filed July 5, 2007 and Plaintiff's Motion To Remand (Doc. #13) filed July 2, 2007. For reasons stated below, the Court sustains defendant's motion to clarify in part and sustains plaintiff's motion to remand.

## Background

On January 26, 2007, plaintiff filed suit against Burlington Coat Factory of Kansas, L.L.C., d/b/a Burlington Coat Factory ("defendant"), and Brenda K. Beach and Nicholas L. Bross[1] in the District Court of Johnson County, Kansas, asserting claims for false imprisonment (Count I), malicious prosecution (Count II), intentional infliction of emotional distress (Count III), conspiracy under 42 U.S.C. § 1985 (Count IV) and negligent hiring, supervision and retention (Count V). See Petition For Damages (Doc. #1-2). On March 1, 2007, Burlington filed a Notice of Removal (Doc. #1) asserting federal question jurisdiction under 28 U.S.C. § 1331.

On March 15, 2007, defendant filed a motion to dismiss arguing that (1) a one-year statute

---

[1] Plaintiff apparently has not served Beach or Bross.

of limitations barred plaintiff's claims for false imprisonment, malicious prosecution and intentional infliction of emotional distress (Counts I, II and III); (2) plaintiff did not allege facts sufficient to state a claim for conspiracy under Section 1985 (Count IV); and (3) plaintiff did not allege facts sufficient to state a claim for negligent hiring, supervision and retention (Count V).  See Defendant Burlington Coat Factory's Motion To Dismiss (Doc. #5) filed March 15, 2007.

Two weeks later, on April 2, 2007, plaintiff filed a motion for leave to file an amended complaint.  See Plaintiff's Motion For Leave To File Amended Pleading And Motion In Opposition To Defendant [sic] Motion To Dismiss (Doc. #7) filed April 2, 2007.  As an exhibit, plaintiff filed a proposed amended complaint ("first proposed amended complaint") which omitted her claims for false imprisonment, malicious prosecution and intentional infliction of emotional distress and retained her claims for Section 1985 conspiracy and negligent hiring, supervision and retention.  See Doc. #9.

On June 27, 2007, the Court granted plaintiff's motion to amend and ordered her to file the amended complaint by July 2, 2007.  See Doc. #12 at 3.  Plaintiff did not do so.  Instead, on July 2, 2007, plaintiff filed a motion to remand.  See Doc. #13.  In support of the motion, plaintiff stated that the Court had granted her leave to file an amended complaint, that her amended complaint did not include any federal law claims, and that the Court lacked subject matter jurisdiction.  See Plaintiff's Memorandum In Support Of Motion To Remand (Doc. #14) filed July 2, 2007.  As an exhibit, plaintiff attached a second proposed amended complaint which included only one claim – for negligent hiring supervision and retention.  See Doc. #14-2 filed July 2, 2007.  Unlike the first proposed amended complaint, the second proposed amended complaint did not include a Section 1985 conspiracy claim.

On July 3, 2007, the Court entered an order which stated as follows:

> Plaintiff's motion to remand [13] is premised on an amended complaint which plaintiff has not yet filed. In light of plaintiff's apparent intention to file an amended complaint, the Court will extend to July 6, 2007, the time for plaintiff to file an amended complaint in accordance with Magistrate Judge O'Hara's order dated June 27, 2007 [12]. If plaintiff does not file an amended complaint by July 6, 2007, the Court will overrule plaintiff's motion to remand [13] without further notice.

Doc. #15.

On July 5, 2007, plaintiff filed the second proposed amended complaint. See First Amended Complaint (Doc. #17).

## Analysis

**I.   Defendant's Motion To Clarify**

Defendant asks the Court to clarify whether its order of July 3, 2007 intended to grant plaintiff leave to file the second proposed amended complaint (which plaintiff submitted with her motion to remand), as opposed to the first proposed amended complaint (which plaintiff submitted with her motion for leave to file an amended complaint). See Defendant Burlington Coat Factory's Motion To Clarify (Doc. #16) filed July 5, 2007 at 1-2. Defendant notes that plaintiff appears to be seeking to dismiss her claims for false imprisonment, malicious prosecution, intentional infliction of emotional distress and Section 1985 conspiracy and states that it does not object to dismissal, so long as it is with prejudice. See id. at 2. Defendant urges the Court to deny plaintiff leave to amend, however, to the extent she continues to pursue a claim for negligent hiring, supervision and retention, arguing that the claim is futile and that plaintiff did not suffer any injury as a result thereof. See id. at 2-3.

Much of defendant's argument echos the objections which defendant made in response to plaintiff's motion for leave to file the first proposed amended complaint. See Defendant Burlington

3

<u>Coat Factory's Reply In Support Of Motion To Dismiss</u> (Doc. #10) filed April 25, 2007 at 1-2 (dismissal of false imprisonment, malicious prosecution and intentional infliction of emotional distress should be with prejudice and leave to amend remaining claims should be denied as futile). In granting plaintiff leave to file an amended complaint, Magistrate Judge James P. O'Hara rejected defendant's arguments and found that the proposed amendment was not clearly futile and that defendant's arguments regarding sufficiency of the amended complaint would be more appropriately resolved in the context of a Rule 12(b)(6) motion to dismiss. <u>See</u> <u>Order</u> (Doc. #12) filed June 27, 2007 at 2-3. Defendant did not object to the Magistrate's ruling or request review thereof. <u>See</u> Rule 72, Fed. R. Civ. P.

The only real issue before the Court is whether plaintiff may file the second proposed amended complaint without seeking further leave of Court. Although plaintiff should have filed a second motion requesting leave to file the second proposed amended complaint, the Court intended for its order of July 3, 2007 to grant plaintiff leave to file the second proposed amended complaint. Therefore, to the extent defendant seeks clarification regarding this issue, its motion to clarify is sustained. The <u>First Amended Complaint</u> (Doc. #17) which plaintiff filed July 5, 2007 is properly filed.

**II.     Plaintiff's Motion To Remand**

Plaintiff urges the Court to remand the case to state court because her amended complaint asserts only a state law claim and no federal claim. <u>See</u> <u>Plaintiff's Memorandum In Support Of Motion To Remand</u> (Doc. #14) filed July 2, 2007 at 1. Plaintiff asserts that due to the amendment, the Court no longer has subject matter jurisdiction. <u>See id.</u> Plaintiff's analysis, however, is flawed. So long as federal question jurisdiction existed at the time of removal, the Court has discretion to

exercise supplemental jurisdiction over state law claims which are part of the same case or controversy as federal claims which have been dismissed. See 28 U.S.C. § 1367(a) and (c); New Mexico v. Gen. Elec. Co., 467 F.3d 1223, 1242 n.29. Ordinarily, when only state claims remain, courts will dismiss the state claims without prejudice. See United States v. Botefuhr, 309 F.3d 1263, 1273 (10th Cir. 2002). In Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988), however, the United States Supreme Court ruled that in a properly removed case, federal courts have discretion to remand the case to state court when all federal claims have been eliminated and only pendent state law claims remain.[2] The Supreme Court noted that in such cases, remand instead of dismissal will often best promote values of economy, convenience, fairness and comity. Id. at 353.[3]

Defendant urges the Court to retain supplemental jurisdiction over plaintiff's state claim. Specifically, defendant asserts that retaining jurisdiction and ruling on defendant's pending motion to dismiss would best serve judicial economy. See Defendant Burlington Coat Factory's Response

---

[2] Carnegie-Mellon involved an older version of the removal statute which required remand for cases removed without jurisdiction and said nothing about disposition of properly removed cases when jurisdictional problems emerged after removal. See 484 U.S. at 347 n.2; Fent v. Okla. Water Res. Bd., 235 F.3d 553, 557 (10th Cir. 2000). Congress has since amended the removal statute to require remand if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c); Fent, 235 F.3d at 557-58. Section 1447(c) does not apply in this case, however, because the Court retains discretion to exercise jurisdiction over plaintiff's state law claims. See, e.g., Pacificare of Okla., Inc. v. Burrage, 59 F.3d 151, 152-53 (10th Cir. 1995).

[3] In this regard, the Supreme Court stated as follows:

> Any time a district court dismisses, rather than remands, a removed case involving pendent claims, the parties will have to refile their papers in state court, at some expense of time and money. Moreover, the state court will have to reprocess the case, and this procedure will involve similar costs. Dismissal of the claim therefore will increase both the expense and the time involved in enforcing state law.

Id.

In Opposition To Plaintiff's Motion To Remand ("Defendant's Opposition To Remand") (Doc. #19) filed July 5, 2007. In light of the fact that discovery has not yet begun in this case, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claim. See 28 U.S.C. § 1367(c)(3); Tal v. Hogan, 453 F.3d 1244, 1270-71 (10th Cir. 2006) (where federal claims properly dismissed, district court not required to consider merits or procedural issues attendant to state law claims), cert. denied 127 S. Ct. 1334 (2007); Tonkovich v. Kan. Bd. of Regents, 254 F.3d 941, 945 (10th Cir. 2001) (considerations of judicial economy, convenience and fairness do not favor retaining jurisdiction where relative lack of pretrial proceedings and a total absence of discovery exists); Smith v. City of Enid, 149 F.3d 1151, 1156 (10th Cir. 1998) (when all federal claims dismissed, court may and usually should decline to exercise jurisdiction over remaining state claims).

Defendant seeks an award of fees under 28 U.S.C. § 1447(c). Specifically, defendant asks the Court to "award its reasonable attorneys' fees, expenses and costs incurred in removing this case to federal court and defending against Plaintiff's federal claims." See Defendant's Opposition To Remand (Doc. #19) at 2. As a preliminary matter, defendant cites no legal authority which suggests that it can recover attorneys' fees and costs incurred in defending plaintiff's federal claims. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Such an award is within the Court's discretion, and no showing of bad faith is required. See Suder v. Blue Circle, Inc., 116 F.3d 1351, 1352 (10th Cir. 1997); Amundson & Assoc. Art Studio, Ltd. v. Nat'l Council on Comp. Ins., Inc., 977 F. Supp. 1116, 1128 (D. Kan. 1997). To recover, the applying party must show that removal was improper *ab initio.* See Suder, 116 F.3d at 1352 (citing Daleske v. Fairfield

Communities, Inc., 17 F.3d 321, 324 (10th Cir. 1994) (propriety of defendant's removal central in determining whether to impose fees)).  Here, defendant does not assert that it improperly removed the case, and the Court does not award fees under Section 1447(c).

**IT IS THEREFORE ORDERED** that Burlington Coat Factory's Motion To Clarify (Doc. #16) filed July 5, 2007 be and hereby is **SUSTAINED in part.**  The Court clarifies that its order of July 3, 2007 intended to grant plaintiff leave to file the second proposed amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion To Remand (Doc. #13) filed July 2, 2007 be and hereby is **SUSTAINED.**  The Court remands this case to the District Court of Johnson County, Kansas.  The Clerk shall mail a certified copy of this order to the clerk of the state court.

Dated this 20th day of September, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge